IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL M. JACKSON, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:11-cv-5801 |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CLASS ACTION COMPLAINT |
| INFOTRACK INFORMATION SERVICES, INC. | ) ) ) | (Jury Trial Demanded) |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Samuel M. Jackson, on behalf of himself and all others similarly situated, complains against Infotrack Information Services, Inc., as follows:

## Introduction

1. Samuel M. Jackson ("Jackson") brings this class action for monetary damages and other relief on behalf of persons whose rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b) & 1681k, were violated by Defendant, Infotrack Information Services, Inc. ("Infotrack"), on or after August 23, 2009. Infotrack created a consumer report erroneously indicating that Jackson was a registered sex offender and that he had committed heinous criminal acts. Infotrack then sent that consumer report to Jackson's prospective employer. The erroneous information never would have appeared in Jackson's consumer report, however, if Infotrack would have implemented the most basic and fundamental procedures to determine whether the sex offender information in the report actually related to Jackson. Indeed, Infotrack never determined whether Jackson's date of birth matched the dates of birth of the sex offenders listed in his report.

2. This was not a one-time mistake on Infotrack's part. Infotrack reports sex offender information about consumers whenever the consumer's first and last name matches the first and last name of any sex offender in its national sex offender database. Moreover, it <u>never</u> checks to determine whether the consumer's date of birth – or other personal identifying information – matches the date of birth of the actual sex offender. The failure to implement such basic cross-checking procedures has resulted in the erroneous labeling of hundreds or thousands of consumers as sex offenders in consumer reports provided to employers. Consequently, Infotrack did not maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in consumer reports that it provided to prospective employers, in violation of 15 U.S.C. § 1681e(b). It also reported public record information to employers without informing consumers that such information was being reported and without maintaining strict procedures to assure that the public information that it reported was complete and up to date, in violation of 15 U.S.C. § 1681k.

## **Parties**

3. Plaintiff Jackson is a resident of the Northern District of Illinois and Cook County. He is a consumer as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

4. Defendant Infotrack, an Illinois Corporation headquartered in Deerfield, Illinois, is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. § 1681a(f). Infotrack regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

## **Jurisdiction and Venue**

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## Factual Allegations

7. In October 2010, Jackson applied for employment at Optics Planet, Inc. ("Optics Planet"), an Illinois corporation.

8. On October 13, 2010, Optics Planet, offered Jackson employment as a Live Chat Response Specialist in the Sales/Customer Service Department.

9. On October 13, 2010, Infotrack, at the request of Optics Planet, completed a criminal background check on Jackson that included a check of criminal databases of Cook County, Illinois and Greenville County, South Carolina. The background check also included a search of Infotrack's nationwide criminal record and sex offender databases.

10. The criminal background check report, or consumer report, that Infotrack submitted to Optics Planet about Jackson was egregiously inaccurate.

11. Plaintiff, Samuel Mark Jackson, is a white male born on December 1, 1983. He has never lived in Georgia or Virginia, let alone been convicted of a crime in those states. He is not a registered sex offender, and to suggest so is grossly misleading.

12. The consumer report that Infotrack submitted to Optics Planet about Jackson contained seven "possible matches" from Infotrack's nationwide sex offender database that related to three different individuals.

13. Three of the "possible matches" were for a fifty-eight-year-old African American male named Samuel L. Jackson from Virginia who was convicted of rape in November 18, 1987. Plaintiff was not yet 4 years old at the time.

14. Three of the sex offender "possible matches" were for a sixty-six-year-old African American male named Samuel Jackson from Virginia who, in 1999, was convicted of aggravated sexual battery and sentenced to life in prison.

15. One of the sex offender "possible matches" was an African American male named Samuel C. Jackson from Georgia.

16. Jackson's date of birth does not match the dates of birth of the sex offenders listed on his Infotrack consumer report.

17. Had Infotrack implemented the most basic cross-checking procedures and determined whether Jackson's date of birth matched the dates of birth of the sex offenders listed on his consumer report, Infotrack would have realized that Jackson's consumer report was inaccurate, and the sex offender information would not have been included in Jackson's report.

18. Jackson contacted Infotrack to inquire about the inaccuracies in his report, and Infotrack informed him that it is the company's policy to include sex offender information on a consumer report whenever the consumer's first and last name matches information contained in its sex offender database.

19. Infotrack also informed Jackson that the company's consumer reports frequently contain inaccurate sex offender information when the consumer has a common first and last name and that consumers frequently complain about the problem.

20. Infotrack creates and distributes grossly and obviously inaccurate consumer reports to employers by including sex offender information in its consumer reports without making sure that some aspect of the consumer's unique personal identifying information – such as a date of birth, middle initial, social security number, or even race information – matches its reported sex offender information.

4

21. As evidenced by Jackson's consumer report, Infotrack frequently includes in its consumer reports sex offender information about multiple individuals who share the consumer's first and last name.

22. Infotrack never informed Jackson that it was reporting public record information about him to Optics Planet.

23. Infotrack's website admits that sex-offender "[d]atabase searches are inherently incomplete and are to be used in conjunction with county level criminal searches."

24. Infotrack's consumer reports are incomplete with respect to the sex offender information that they report because the consumer reports omit important information such as the actual sex offender's age, height, weight, and whether the sex offender is currently incarcerated.

25. By producing this facially inaccurate and incomplete consumer report, Infotrack violated Jackson's FCRA rights.

## Fair Credit Reporting Act Requirements

26. Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is considered a consumer report. 15 U.S.C. § 1681a(d).

27. Pursuant to the FCRA, Infotrack is a consumer reporting agency because it regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. 15 U.S.C. § 1681a(f).

28. The FCRA requires consumer reporting agencies to "follow all reasonable procedures to assure maximum possible accuracy of the information concerning" the consumer about whom the report relates. 15 U.S.C. § 1681e(b).

29. According to the FCRA, a consumer reporting agency which provides consumer reports for employment purposes and reports items that are "matters of public record" and are

5

"likely to have an adverse effect upon a consumer's ability to obtain employment shall," at the time such public record information is reported "(1) notify the consumer … that public record information is being reported … together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. § 1681k.

30. On information and belief, Infotrack has a policy and practice of reporting information, for purposes of employment, from nationwide sex offender databases: (a) without following reasonable procedures to assure maximum accuracy, as required by 15 U.S.C. § 1681e(b); and (b) without notifying the consumer that such public information is being reported or maintaining strict procedures to ensure that the public record information is complete and up to date, as required by 15 U.S.C. § 1681k.

31. Infotrack acted in reckless disregard of its obligations under § 1681e(b) because it was aware that its policy of requiring only a first and last name match with information in its sex offender database resulted in the frequent reporting of inaccurate sex offender information in consumer reports.

32. Infotrack acted in reckless disregard of its obligations under § 1681k because it never notified consumers that publicly available sex offender information was being reported about the consumer to employers, while admitting in its website that the sex offender information contained in its consumer reports was incomplete.

33. Infotrack acted in reckless disregard of its obligations under § 1681k because the sex offender information reported in its consumer reports was clearly and obviously not

complete, in that several pieces of information included in state sex offender registries was not included in its consumer reports.

## **Class Action Allegations**

34. Jackson brings this lawsuit pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of the Class defined as follows:

> All consumers who were the subject of a consumer report provided to an employer by Infotrack Information Services, Inc., between August 23, 2009 and the present, where the consumer report included information from a sex offender database about the consumer even though the consumer's date of birth did not match the date of birth of the sex offender listed on the consumer's report.

35. The Class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. The Class is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.

36. Common questions of law and fact predominate over individual issues affecting only individual Class members. The common questions of law and fact include, among others, the following:

   a. whether Infotrack's policy of relying on first and last name matching to report sex offender information constituted reasonable procedures to assure maximum possible accuracy of sex offender information reported about consumers;

   b. whether Infotrack, upon production of a report reporting public sex offender registry information for employment purposes, failed to notify consumers that the information was being produced to employers and failed to use strict procedures to ensure that the information was complete and up to date;

   c. whether Infotrack's actions as described above constitute violations of the FCRA; and

   d. whether Infotrack acted in reckless disregard of Class members' FCRA rights.

37. Jackson will fairly and adequately protect the interests of all Class members. Jackson is a member of the Class, and his claims are typical of the claims of all Class members. His interest in obtaining monetary relief for Infotrack's violations of the Class members' rights are consistent with and are not antagonistic to those of any person within the Class. Jackson has retained counsel competent and experienced in complex and class action litigation, including FCRA class action litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

   a. avoid the heavy burden of multiple, duplicative suits;

   b. avoid the virtually impossible task of getting all Class members to intervene as party-plaintiffs in this action;

   c. allow the Court, upon adjudication of defendant's liability, to determine the claims of all Class members; and

   d. allow the Court to enter appropriate final monetary relief with respect to the Class as a whole.

### Count One – Infotrack's failure to follow reasonable procedures
(15 U.S.C. § 1681e(b))

39. Plaintiff realleges and incorporates by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

40. Infotrack willfully failed to "follow all reasonable procedures to assure maximum possible accuracy" of the sex offender information it reported to employers by relying merely on a first and last name match policy when determining whether to include sex offender information in a consumer report.

41. Infotrack's willful violations of 15 U.S.C. § 1681e(b) have caused damages to Jackson and members of the plaintiff Class for which damages Infotrack is liable under 15 U.S.C. § 1681n.

## Count Two – Infotrack's reporting of public records
(15 U.S.C. § 1681k)

42. Plaintiff realleges and incorporates by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

43. When providing consumer reports for employment purposes and reporting matters of public record likely to have an adverse effect upon a consumer's ability to obtain employment, Infotrack willfully failed to "(1) notify the consumer … that public record information [wa]s being reported … together with the name and address of the person to whom such information [wa]s being reported; or (2) maintain strict procedures designed to insure that whenever public record information which [wa]s likely to have an adverse effect on a consumer's ability to obtain employment [wa]s reported it [wa]s complete and up to date."

44. Specifically, Infotrack reported sex offender information in consumer reports likely to have an adverse effect on a consumer's employment, while excluding from those consumer reports a great deal of personal identifying information that may have demonstrated to an employer that the consumer was not actually a sex offender.

45. Infotrack's willful violations of 15 U.S.C. § 1681k have caused damages to Jackson and members of the plaintiff Class for which damages Infotrack is liable under 15 U.S.C. § 1681n.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests, on behalf of himself and the Class he seeks to represent, that this Court:

A. Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff Class and designate Jackson representative of the Class and his counsel of record as class counsel;

B. Award statutory and punitive damages against Defendant to Plaintiff and members of the plaintiff Class, as provided in 15 U.S.C. § 1681n;

C. Award Plaintiff and members of the plaintiff Class their attorneys' fees pursuant to 15 U.S.C. § 1681n;

D. Award Plaintiff and members of the plaintiff Class their costs pursuant to 28 U.S.C. § 1920; and

E. Grant all such additional relief as the Court deems appropriate.

## Jury Demand

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Matthew J. Piers
Mary M. Rowland
Christopher J. Wilmes
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100

Paul Strauss
CHICAGO LAWYERS' COMMITTEE
FOR CIVIL RIGHTS UNDER LAW, INC.
100 N. LaSalle, Suite 600
Chicago, IL 60602
(312) 630-9744